## SCHILLING v. CAR LIGHTING & POWER CO. et al.

(Circuit Court of Appeals, Second Circuit. March 22, 1923.)

No. 246.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Fred F. Schilling against the Car Lighting & Power Company and others. From an order continuing in force a temporary restraining order until the defendant corporation should hold another stockholders' meeting (289 Fed. 489), plaintiff appeals. Appeal dismissed.

Chadbourne, Hunt & Jaeckel, of New York City (Frank Marsh, of New York City, and Carroll R. Ward, of Springfield, Mass., of counsel), for appellant.

Hays, Hershfield & Wolf, of New York City (Daniel P. Hays and Edwin D. Hays, both of New York City, of counsel), for appellees.

Before ROGERS, HOUGH, and MAYER, Circuit Judges.

PER CURIAM. Appeal dismissed in open court, without costs.

---

## DALE et al. v. HARTSON, Collector of Customs.

(District Court, E. D. Washington, N. D. May 2, 1923.)

No. 4202.

**1. Customs duties ⬄130—Nature of forefeiture proceedings.**

Forfeiture under Tariff Act Sept. 21, 1922, § 603, is a summary proceeding to divest the owner of title to property, and the statute must be strictly construed.

**2. Customs duties ⬄126—"Seizure" of automobile containing intoxicating liquors must be free from concealment to bar claims by owner of car; "open."**

Seizure of an automobile containing intoxicating liquors of foreign manufacture must be "open," which means visible, free from concealment, and not constructive and imaginary, and the indorsement and delivery of the receipt of a garage, where the automobile was stored by a prohibition officer, to a deputy collector of customs, did not constitute a "seizure," under Treasury Regulations 1915, art. 909, and the claim of a conditional vendor of the car was not barred by time, under Tariff Act Sept. 21, 1922, § 608 (citing Words and Phrases, Second Series, Open).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Seizure.]

**3. Customs duties ⬄126—The taking of an automobile containing liquor by a prohibition officer, pursuant to the provisions of the National Prohibition Act, not "seizure," under customs law.**

The taking of an automobile containing liquor by a prohibition officer, pursuant to the provisions of the National Prohibition Act, while the automobile was in a garage, did not constitute a seizure under the customs laws, within the meaning of Tariff Act Sept. 21, 1922, § 608, limiting time for filing of claims to seized property.

In Equity. Suit by Herbert Dale and another against Millard T. Hartson, Collector of Customs, etc. Decree for plaintiffs.

About 9:30 p. m., December 11, 1922, in the Main Avenue Garage, Spokane, Washington, city police officers found the automobile in issue containing bottled whisky in sacks, upon which bottles were labels denoting foreign manu-

⬄For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes